UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:04-CV-171-R

WILLIAM PERDUE             PLAINTIFF

v.

EDDIE LOVELACE, JUDGE;                                                          DEFENDANT
GENE FERRIL, CLINTON CO. JAILER;
MARK A. HENRY, JULIA STEVENS
UNIVERSITY EYE CLINIC, ET AL

### MEMORANDUM OPINION

This matter comes before the Court on Defendant's, the Honorable Edward Lovelace, Motion to Dismiss (Docket #15). The Plaintiff has responded (Docket #17). This matter is now ripe for adjudication. For the following reasons, the Defendant's Motion to Dismiss is **GRANTED**.

### BACKGROUND

The suit against the Defendant, comes from a claim made by the Plaintiff, William Perdue, alleging a violation of the Plaintiff's Fourteenth Amendment Rights under the United States Constitution by the Defendant,, and seeks $500,000.00 in compensatory damages and punitive damages that the jury may so award. On or about September 8, 2003, the Plaintiff, William Perdue ("Perdue"), was arrested and charged with the felony offense of fourth degree assault. Prior to this arrest, he had been involved in an altercation that led to the arrest in question, and during the altercation he experienced damage to his left eye. He was taken to the Clinton County, Kentucky Detention Center, and was placed under the supervision of one the Defendants, Gene Ferril ("Ferril"). Perdue claims that Ferril caused him to miss one of his appointments with the University of Kentucky Hospital Eye Clinic in Lexington, Kentucky to

have surgery on his left eye, after Ferril and the Defendant in this matter, the Honorable Edward C. Lovelace ("Judge Lovelace") of the Clinton County Circuit Court, failed to respond to repeated faxes and telephone calls made to them at their respected offices from the clinic. In addition, Perdue made both Ferril and Judge Lovelace aware of his schedule as well as his pain and suffering, which included warnings that Perdue could lose complete vision in his left eye. Perdue eventually lost all of his vision in his left eye, and subsequently filed this claim.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

Perdue has alleged that Judge Lovelace ignored his need for medical attention, and in

doing so violated Perdue's civil rights. Judge Lovelace has responded arguing that his actions were protected by absolute judicial immunity, and that the case against him is barred for that reason. Further, Judge Lovelace asserts that Perdue's claim is barred by both the *Rooker-Feldman* doctrine and the Statute of Limitations.

With very few exceptions, Courts have traditionally held that judges have absolute immunity from lawsuits concerning their official judicial actions. *Pierson v. Ray*, 386 U.S. 547, 553-555 (1967); *See also Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978); *Fischer v. Kenton County Judicial System*, 2005 WL 2122643 at *4 (E.D.Ky.). Such absolute judicial immunity has always applied to civil rights suits brought against judges under 42 U.S.C. §1983. *Pierson*, 386 U.S. at 553-555. As mentioned, such absolute immunity exists for those acts that are truly judicial in nature. *Morrison v. Lipscomb*, 877 F.2d 463, 467-468 (6th Cir. 1989) (citing *Forrester v. White*, 484 U.S. 219). This immunity does not diminish even if the reasoning used by the judge is in error or is flawed. *Stump*, 435 U.S. at 359. In *Stump*, the United States Supreme Court established a two (2) part test to determine whether an act is judicial. *Id.* at 362. First, the Court must consider whether the act in question is that which is usually performed by a judge, requiring the Court to examine the nature and the function of the act, not the act itself. *Id.* Second, the Court must determine whether the parties dealt with the Judge in his/her official judicial capacity. *Id.*

In the instant matter, Perdue's doctors sent Judge Lovelace messages requesting that the Judge force the Clinton County Jailer to honor his medical appointment at the University of Kentucky. Such actions, in as far as ordering an examination of a prisoner, are common judicial acts that judges often will do at the request of an attorney, physician or a party such as Perdue.

3

The messages sent to the Judge by Perdue's physicians were sent to his chambers, not his home or any other personal residence. These acts indicate that when Judge Lovelace made his decision regarding Perdue, Judge Lovelace acted in an official judicial capacity because judges have the authority to make such decisions and this matter came upon him during the course of his duty, and not in his personal or private life. As such his actions fall under the shield of absolute judicial immunity, and Perdue is barred from bringing a 42 U.S.C. §1983 claim against Judge Lovelace.

Therefore, this Court finds that Perdue's claim against Judge Lovelace is barred by absolute judicial immunity. The Court need not address the subsequent arguments made by the Defendant.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is **GRANTED.**

An appropriate order shall issue.