UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:04-CV-171-R

WILLIAM PERDUE                                                                    PLAINTIFF

v.

EDDIE LOVELACE, JUDGE;                                                   DEFENDANT
GENE FERRIL, CLINTON CO. JAILER;
MARK A. HENRY, JULIA STEVENS
UNIVERSITY EYE CLINIC, ET AL

## MEMORANDUM OPINION

This matter is before the Court on Defendant Gene Ferril's Motion for Summary Judgment
(Dkt. # 16).  Plaintiff has responded (Dkt. # 17), and the Defendant has replied to the Plaintiff's
response (Dkt. #25).    The matter is now ripe for adjudication.  For the reasons that follow,
Defendant's Motion for Summary Judgment is **DENIED** at this time, with leave to refile at the
conclusion of the evidence.

## BACKGROUND

The suit against the Defendant, Gene Ferril, comes from a claim made by the Plaintiff,
William Perdue, alleging a violation of the Plaintiff's Fourteenth Amendment Rights under the
United States Constitution by the Defendant,, and seeks $500,000.00 in compensatory damages
and punitive damages that the jury may so award.   On or about September 8, 2003, the Plaintiff,
William Perdue ("Perdue"), was arrested and charged with the felony offense of fourth degree
assault.  Prior to this arrest, he had been involved in an altercation that led to the arrest in
question, and during the altercation he experienced damage to his left eye.  He was taken to the
Clinton County, Kentucky Detention Center, and was placed under the supervision of one the
Defendants, Gene Ferril ("Ferril").  Perdue claims that Ferril caused him to miss one of his

appointments with the University of Kentucky Hospital Eye Clinic in Lexington, Kentucky to have surgery on his left eye, after Ferril and another Defendant, the Honorable Edward C. Lovelace ("Judge Lovelace") failed to respond to repeated faxes and telephone calls made to them from the clinic.  In addition, Perdue made both Ferril and Judge Lovelace aware of his schedule as well as his pain and suffering, which included warnings that Perdue could lose complete vision in his left eye.  Perdue eventually lost all of his vision in his left eye, and subsequently filed this claim.

**STANDARD**

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co*., 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of evidence.  To support this position, he must present evidence on which the trier of fact could find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)).  Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere

2

existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).  Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tomkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (1991)."  *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

In his Motion for Summary Judgement, Defendant Ferril argues that Section 7(a) the Prison Litigation Reform Act brought under 42 U.S.C. Section 1979 of 42 U.S.C. §1983 requires prisoners to exhaust all administrative remedies with respect to prison conditions**.**  In addition, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Clinton County has a grievance policy that has been in existence since 1999, and which states in relevant part:

> Any inmate shall be allowed to file a grievance, at such times as the inmate believes he/she has been subject to abuse, harassment, abridgement of civil rights or denied privileges specified in the posted rules...[a] grievance shall be made in the form of a written statement by the inmate promptly following the incident, sealed in an unstamped envelope and addressed to the Jailer...Upon receipt of the grievance by the Jailer, the Jailer shall review the grievance and determine if it constitutes: A. [a] prohibited act by a Detention Officer or Staff Member (or) B. [a] violation of the inmates civil rights.

3

At no time prior to this litigation or after it did Perdue file a formal grievance with the Clinton County Jailer regarding his medical condition and/or a lack of treatment concerning his left eye.  However, Perdue did make several written requests and faxes to Ferril and Judge Lovelace for medical treatment.  The grievance procedure of Clinton County merely requires a written statement, and though Perdue did not formally go through the procedure afforded to him by Clinton County, the Court may construe the complaint by pro se plaintiffs liberally.  This liberal interpretation also applies to responses made by the pro se plaintiffs, such as Perdue, and thus the Court will not only look at a response to a motion for summary judgment, but also the complaint itself.  Under 28 U.S.C. §1746, a complaint by a pro se plaintiff can provide proof necessary to rebut a motion for summary judgment by a defendant if the complaint sets forth supporting facts in the complaint. *Williams v. Browman*, 981 F.2d 901, 904-905 (6th Cir. 1992). As expressed by the Sixth Circuit Court of Appeals, "a handwritten complaint of a pro se prisoner may defeat a defendant's motion for summary judgment because it contained language that verified the complaint within the meaning of the statute." *Id.* at 905.

Here, the complaint submitted by Perdue alleges that the defendant Ferril did not respond to written requests by Perdue to receive treatment for his eye.  These facts, construed liberally, may amount to a grievance under the grievance system of Clinton County and may rebut the argument that Perdue did not properly respond to the motion for summary judgment submitted by Ferril.

Therefore, this Court finds that Perdue may have exhausted his administrative remedies for bringing this claim, and that the Court will initially hear the claim brought by the Plaintiff against the Defendant Ferril.

4

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment is

**DENIED**, with leave to refile at the conclusion of all the proof.

An appropriate order shall issue.